IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTHA BRONSON,

       Plaintiff,

    v.

GREEN TREE SERVICING, LLC,
GREEN TREE FINANCIAL SERVICING
CORP., GREEN TREE INVESTMENT
HOLDINGS, LLC (fka CFN
INVESTMENT HOLDINGS, LLC) VENAE
VALDEZ, RANDY LAKE, US BANK
TRUST NATIONAL ASSOCIATION, US
BANK NATIONAL ASSOCIATION,
GREEN TREE HE/HI BORROWERS,
LLC, SPECIALIZED, INC., ELVIA
BOUCHE, FORTRESS TRUST II,
FORTRESS INVESTMENT GROUP, LLC,

       Defendants.        /

No. 2:03-cv-1611 JAM RRB

ORDER SETTING ASIDE DEFAULT AND
DISMISSING CLAIMS

Martha Bronson ("Plaintiff") filed this action against the

defendants alleging unlawful conduct with respect to the

execution and servicing of two loans.  Plaintiff filed a Third

Amended Complaint ("TAC") which several defendants failed to

answer in a timely manner. Entries of default were ordered by the Court against Green Tree Servicing, LLC ("Green Tree Servicing") and Fortress Investment Group, LLC ("Fortress Investment"). Defendants Green Tree Servicing and Fortress Investment move to set aside the entry of default filed against them, arguing that it is void because there is "good cause" to set aside the entry and that service of process was defective. There is also a motion to dismiss the TAC by the following defendants: Green Tree Servicing, Green Tree Financial Servicing Corp., Green Tree Investment Holdings, LLC (fka CFN Investment Holdings, LLC), US Bank Trust National Association, US Bank National Association, Green Tree He/Hi Borrowers, LLC, Fortress Trust II, and Fortress Investment Group, LLC. For the following reasons, this Court GRANTS the Motion to Set Aside the Entry of Default and GRANTS the Motion to Dismiss the Third Amended Complaint.

BACKGROUND

Plaintiff obtained two loans from Green Tree Financial Servicing Corporation, one in 1994 and one in 1999. (Third Amended Complaint "TAC" ¶¶ 11-13.) The 1994 loan was acquired to finance the construction of a swimming pool. (TAC ¶ 11.) Bronson alleges that the 1999 loan was solicited by the defendants late in 1998 under the promise of consolidating her 1994 loan and an unrelated car loan with a lower interest rate.

(TAC ¶ 12.)  She alleges that the defendants told her to stop

making loan payments on her car in reliance of the consolidation

loan.  (TAC ¶ 13.)  As a result of this advice, Bronson went

into default on her car loan and the vehicle was repossessed in

April of 1999, just a month before her consolidation loan

finally went into effect. Id.

Sometime around the late 1990s, Green Tree Financial and

its subsidiaries were purchased by Conseco Inc.  (Defs.' Mot.

Dismiss Third Am. Compl. 3:14.).  After this acquisition, Green

Tree Financial became known as Conseco Finance Corporation

("CFC").  Id. at 3:16-18.  Then on December 17, 2002, CFC and

their subsidiary, Conseco Finance Servicing Corp., filed for

relief under Chapter 11 of the Bankruptcy Code in the Northern

District of Illinois.  Id. at 3:20-23.

The bankruptcy court's ruling approved the CFC debtors

Sixth Amended Chapter 11 plan which contained a distribution

scheme for the sale of CFC's assets free of all future claims

against them.  Id. at 4-5.  The September 9, 2003 ruling stated

that "[e]xcept as expressly permitted by the Purchase Agreement,

all persons and entities . . . holding Interests or Claims of

any kind or nature whatsoever against the CFC Debtors or in the

Purchased Assets . . . are forever barred, estopped, and

permanently enjoined from asserting, prosecuting or otherwise

pursuing against the Buyer . . . such persons' or entities' Interest or Claims." (Schwartz Decl. Ex. A at 11–12).

Based on the allegedly unlawful execution and servicing of the two loans, Plaintiff asserted ten[1] causes of action in her Second Amended Complaint ("SAC"). She claimed, inter alia, that from approximately September of 1993 through 1997 "plaintiff encountered a myriad of problems with Green Tree including its unauthorized and illegal charges of insurance; misapplication of payments received; delayed posting of payments resulting in unlawful interest charges; repeated failures to provide explanations about apparent errors on statements and repeated failures to correct the same; repeated refusals to explain how and on what basis the [p]rincipal/interest is applied; repeated failures to send accountings upon request; repeatedly sending misleading, deceptive and confusing monthly account statements." (SAC ¶ 11.) Based on this alleged misconduct by the defendants, Bronson brought the following ten causes of action in her SAC: (1) Misrepresentation, undue influence, fraud; (2) Rescission based on contracts of adhesion and unconscionability; (3) Rescission based on lack of agreement; (4) Breach of loan extension agreements and of contract to negotiate a settlement

---

[1] In the Second Amended Complaint, Bronson only asserted ten causes of action despite naming an "eleventh" cause of action; presumably an insignificant oversight, a "ninth" cause of action was never asserted.

of both loans; (5) Home Owners Equity Protections Act; (6) Rosenthal Fair Debt Collection Practices Act; (7) California Unfair Business Practices Act; (8) California Code of Civil Procedure §§ 1803.2, 1720; (10) RESPA, 12 U.S.C. § 2607, Regulation X, 12 C.F.R. § 3500.14(c); and (11) California Business and Professions Code § 17500.

In response to the SAC, defendants Green Tree Investment Holdings and Green Tree Servicing moved for partial summary judgment on all claims against them. (Docket at 52.) Based on the bankruptcy court order prohibiting all future claims on the CFC assets, this Court granted a partial summary judgment in favor of the moving defendants on March 28, 2005, ruling that all of the ten causes of action asserted in Bronson's SAC were barred against Green Tree Servicing and Green Tree Financial under the Sixth Amended Chapter 11 plan. (Docket at 66.)

Over two years after the partial summary judgment, Bronson filed a TAC. The amended complaint reasserts all of the causes of action from the SAC, several new causes of action, and is directed at all of defendants from the SAC as well as some new ones, most of whom she believes are liable as assignees.

//

//

//

//

OPINION

**A.    Motion to Set Aside Entry of Default for good cause.**

**1.    Legal Standard**

An entry of default may be set aside "for good cause."
Fed. R. Civ. P. 55(c).  The standard of "good cause" is slightly
more favorable for the party in default when it is an entry of
default, rather than a default judgment.  <u>Hawaii Carpenters'
Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986) ("The
standards for setting aside entry of default under Rule 55(c)
are less rigorous than those for setting aside a default
[judgment].");  10A Charles Alan Wright et al., <u>Federal Practice
and Procedure</u> § 2696, at 142 (3d ed. 1998) ("[A] default entry
may be set aside for reasons that would not be enough to open a
default judgment.").

A default judgment or entry of default may be set aside for
good cause if the moving party shows "mistake, inadvertence,
surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).
However, the motion to set aside an entry of default may be
denied if, "(1) the plaintiff would be prejudiced if the
judgment is set aside, (2) defendant has no meritorious defense,
or (3) the defendant's culpable conduct led to the default." <u>In
re Hammer</u>, 940 F.2d 524, 525-26 (9th Cir. 1991).  The test is
disjunctive.  <u>Id.</u> at 526.  Although these grounds for relief
provided in Rule 60(b) are for default judgments, given the

parallels between a default entry and judgment, their use is appropriate in determining whether to set aside default.  See Hawaii Carpenters' Trust Funds, 794 F.2d at 513.  The grounds, however, should be "liberally interpreted when used on a motion for relief from an entry of default."  Id.  Furthermore, decisions of setting aside default judgments and entries of default are left to the court's discretion, see Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140, 146 (9th Cir. 1975). In fact, the discretion to set aside an entry of default is "especially broad."  Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986).

**2. Defendants have a meritorious defense**

As discussed in more detail in section B of this order concerning the motion to dismiss plaintiff's TAC, defendants have a meritorious defense for all of the causes of action asserted and therefore successfully establish grounds for setting aside the entry of default.

**3. Motion to set aside entry of default for lack of proper service.**

The moving defendants also argue that the entry of default should be set aside because service of process was defective. This Court agrees that the lack of proper service further justifies setting aside the entry of default.

The Federal Rules of Civil Procedure 5(b)(1) requires that "[i]f a party is represented by an attorney, service under this rule must be made *on the attorney* unless the court orders service on the party." (emphasis added)

Plaintiff argues that she attempted to serve the moving defendants' attorney, Donald Cram ("Cram") but that he refused to accept service for his clients. Cram states that his refusal was with respect to the clients he did not represent. In Plaintiff's request to Cram, she stated, "Please immediately advise if you will accept service on behalf of any of the clients you have told me that you represent, including, *but not limited to*: GREEN TREE SERVICING, LLC, GREEN FINANCIAL SERVICING CORPORATION . . ." (emphasis added). The list included parties not represented by Cram. This Court believes that given the language of this request, it was within defense counsel's reasonable discretion not to accept service for clients he did not represent.

Plaintiff also alleges that the moving defendants' counsel was served on the day that the court ordered the preliminary injunction and the TAC complaint was filed. Pls' Opp'n Mot. Set Aside Default 2:18-20. However, this Court finds no certificate of service that supports this conclusion. All of the certificates of service that are in the docket show that the TAC was served upon the actual defendants, not defense counsel.

Given this Court's particularly broad discretion in evaluating a motion to set aside an entry of default, the meritorious defenses available to the defendants, and the improper service of process that has not been adequately justified by Plaintiff, the Court hereby grants the motion to set aside the entry of default against Green Tree Servicing.[2]

**B.    Motion to Dismiss Third Amended Complaint**

The moving defendants' principle argument is to dismiss plaintiff's First, Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action based on the res judicata effect of the partial summary judgment granted in favor of Green Tree Investment Holdings and Green Tree Servicing in 2005. The Court agrees that these claims are precluded from being relitigated but bases it upon the bankruptcy court order, which was a final judgment on the merits.   The other, new causes of action, the Fourth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth, will be addressed separately.

//

//

//

//

_____

[2] Fortress Investment, another party moving to set aside the default entry, was dismissed with prejudice from this action on Oct. 30, 2003.  Therefore, Plaintiff's TAC was invalid as applied to Fortress Investment.

**1. Motion to Dismiss Plaintiff's First, Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action**

In March of 2005, Judge Levi granted partial summary judgment in favor of Green Tree Investment Holdings and Green Tree Servicing as to all claims asserted in the SAC. The partial summary judgment held that these claims concerning the 1994 and 1999 loans were barred by the asset purchase agreement and the related orders of the bankruptcy court. All of the claims in the SAC have been reasserted in the TAC, most of which in verbatim. This Court adopts the same findings as the partial summary judgment that all claims concerning the conduct of these defendants with respect to the 1994 and 1999 loans are barred.

Green Tree Investment Holdings bought the servicing rights to the 1994 and 1999 loan "free and clear" of all adverse claims arising from the conduct of the entities that went bankrupt. Under the asset purchase agreement, general unsecured creditors, like Plaintiff, had a right to participate in a distribution scheme on allowed claims. In exchange for this right to assert claims and participate in the distribution scheme, the creditor agreed to "a good faith compromise and settlement of claims or controversies relating to the contractual [and] legal . . . rights that a Holder of a Claim may have . . . ." and that all

such rights are "settled, compromised and released." (Schwartz Decl., Ex. 2, art. VIII, ¶ L, p. 25; id., art. XI, ¶ A, p. 28.) Therefore, Plaintiff has already had an opportunity to assert all of her claims concerning the two loans and is barred from reasserting these claims under the doctrine of res judicata. The bankruptcy court's disallowance of claims concerning these loans is conclusive to all parties and their privies and can serve as the basis for a res judicata defense. Siegel v. Fed. Home Loan Mortgage Co., 143 F.3d 525, 529 (1998).

Res judicata, also known as claim preclusion, "precludes the parties from relitigating issues that were or could have been raised in [a prior] action," Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981), and can serve as the basis for the grant of a motion to dismiss. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). "The judgment prevents litigation of all grounds and defenses that were or could have been raised in the action." Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir. 1985) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata prohibits future lawsuits when there is "(1) an identity of claims; (2) a final judgment on the merits, and (3) identity or privity between parties." Id.

//

//

### a.  An identity of claims

Defendants argue that most of the TAC consists of the same claims as the SAC and should therefore be barred by res judicata.  This Court agrees.

In determining whether there is an identity of claims for purposes of res judicata, this Court must consider:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.), cert. denied, 459 U.S. 1087 (1982).  The last of these criteria is the most important.  Id. at 1202.

Allegations of conduct by the defendant and other additional facts not alleged in the prior judgment are not sufficient to avoid the bar of claim preclusion. Costantini v. Trans World Airlines, 681 F.2d 1199, 1202 (9th Cir. 1982).  Most of the causes of action asserted in the TAC are the same as in the prior SAC. Plaintiff has pled with more factual specificity in the TAC but this is

insufficient to circumvent the bar of claim preclusion. The bankruptcy court order held that all claims concerning the 1994 and 1999 loans were barred. Moreover, the 2005 partial summary judgment further adjudicated the issue that Plaintiff has already had her chance in court to file claims concerning her two loans. All of her allegations essentially arise out of the same transactional nucleus of operative facts, namely the conduct of the defendants surrounding the execution and servicing of the 1994 and 1999 loans.

The only new assertion that Plaintiff raises in these repeated causes of action is that certain wrongful conduct that occurred prior to June 23, 2003 (when the Conseco asset sale closed) is presently *ongoing* and can now be reasserted as causes of action that are not barred by claim preclusion.

Returning to the basic tenet of claim preclusion, parties are prohibited from "relitigating issues that were or *could have been raised* in [a prior] action," <u>Federated Dep't Stores, Inc.</u>, 452 U.S. at 398 (1981) (emphasis added). All of the wrongful conduct by the defendants that Plaintiff claims is presently ongoing was or could have been raised in the bankruptcy proceedings. "[T]he doctrine of res judicata provides that when a final judgment has

been entered on the merits of a case, 'it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" Nevada v. United States, 463 U.S. 110, 129-30 (1983) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1877)).

### b. A final judgment on the merits

The bankruptcy court ruling in favor of Conseco and its subsidiaries was a final judgment on the merits and therefore satisfies the second requirement of res judicata. "[T]he allowance or disallowance of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'" Siegel, 143 F.3d at 529 (quoting United States v. Coast Wineries, Inc., 131 F.2d 643, 648 (9th Cir. 1942)).

### c. Identity or privity between parties

Green Tree Investment Holdings purchased the servicing rights to the 1994 and 1999 loans and were parties to the bankruptcy ordered sale of CFC's assets, "free and clear" of all claims. They are completely protected from being defendants against the same claims that were adjudicated in

that judgment. As for the other moving defendants, this Court holds that they are all parties sufficiently in privity with Green Tree Servicing  and Green Tree Financial to benefit from the res judicata effect of the prior 2005 adjudication.

"'Privity' . . . is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" <u>In re Schimmels</u>, 127 F.3d 875, 881 (9th Cir. 1997) (quoting <u>Southwest Airlines Co. v. Tex. Int'l Airlines, Inc.</u>, 546 F.2d 84, 94 (5th Cir. 1977)). Historically, privity between parties was only recognized in limited categories of legal relationships when two parties had identical or transferred rights with respect to a particular legal interest, chiefly: co-owners and co-tenants of property; decedents and their heirs, successors in interest and survival claimants; bailors and bailees; joint obligees; assignors and assignees; parties to a contract, and in some cases promisees and third-party beneficiaries; indemnitors and indemnitees; corporations and their officers or shareholders; partners and their partnerships; and unincorporated associations and their members. <u>Headwaters Inc. v. United States Forest Serv.</u>, 399 F.3d 1047, 1053 (9th

Cir. 2005) (citing Restatement (Second) of Judgments, §§ 43-61 (1982)); <u>see also</u> FED. R. CIV. P. 23.2 (governing actions affecting associations).

All of the defendants who were not parties to the asset purchase agreement are in privity with the parties involved in the bankruptcy order. Green Tree Investment Holding, LLC, owned in part by Fortress Investment Group, purchased Green Tree's servicing rights to the 1994 and 1999 loans. (TAC 4:20-23.) US Bank Trust National Association and Green Tree He/Hi Borrowers, LLC hold the successor interests to the 1999 loan. (TAC 4:9-14.) Green Tree He/Hi Borrowers, LLC, owned in part by Fortress Investment Trust, is owned by Fortress Trust Group, LLC. Fortress Investment is a part owner of a corporation that purchased the servicing rights to the 1994 and 1999 loans executed by Green Tree Servicing. (TAC 4:20-23.) All of these defendants have either a corporate partnership, possess successor interests, or have an assignor/assignee relationship with Green Tree Investment Holdings and Green Tree Servicing that qualify them as parties in privity. This Court holds that these relationships in privity are sufficient to benefit from the bankruptcy order and the partial summary judgment of 2005.

d.   **Policy justifications for the application of res judicata**

There are sufficient policy justifications underlying the application of res judicata in the instant case. Res judicata "is motivated primarily by the interest in avoiding repetitive litigation, conserving judicial resources, and preventing the moral force of court judgments from being undermined." <u>Haphey v. Linn County</u>, 924 F.2d 1512, 1518 (9th Cir. 1991), rev'd in part on other grounds, 953 F.2d 549 (9th Cir. 1992) (en banc).   In repeating these causes of action in her TAC, Bronson is attempting to relitigate issues that have already been resolved.   The allegedly unlawful execution and solicitation of the loan agreements, the servicing and alleged breaches of contract claims are all causes of action that were asserted in the bankruptcy proceedings or *could have been.*   It would be a waste of judicial resources to revisit these claims.

The motion to dismiss plaintiff's First, Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action based on res judicata are justified for all of the moving defendants. This Court holds that there is an identity of claims based on the common transactional nucleus of operative facts, a final prior judgment on the merits, and an identity or privity of

parties that is sufficient to trigger a res judicata effect of the bankruptcy court order for all of the moving defendants.

**2. Motion to Dismiss the Fourth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Causes of Action.**

Plaintiff alleges seven new causes of action in the TAC that are still barred by the res judicata effect of the bankruptcy court order.

**a. Motion to Dismiss Fourth Cause of Action**

In her fourth cause of action, Plaintiff alleges that in November of 2004, she sent a letter to Green Tree Servicing, CFN Investments (nka Green Tree Investment Holdings, LLC) and Conseco Financing demanding that they cease prohibited conduct under California Code of Civil Procedure Section 1770 et seq. upon which defendants failed to respond. This Court rules that the motion to dismiss the fourth cause of action is granted based on claim preclusion.

Although the defendants move to dismiss the TAC in its entirety, they do not offer an argument specifically against this cause of action. In the moving defendants' motion to dismiss, they argue that the "First, Second, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action in [the] TAC are mere restatements [of] the First,

Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Causes of Action in the SAC . . ." Motion to Dismiss Third Amended Complaint pg 11, lines 6-8. The motion to dismiss then lays out the defendants' arguments against the new causes of action without ever addressing the fourth cause of action.

In her November 2004 letter, Bronson states that the defendants engaged in "unfair methods of competition or unfair or deceptive acts and practices . . . with regard to the offering of and providing of mortgage[s] including unconscionable one sided terms a [sic] contract, advertising rates with the intent not to sell them as advertised, representing loans as being in consumers' best interests when they are not, failing to post payments when received." These complaints are based on the same allegedly wrongful conduct that was asserted in Bronson's SAC, namely the execution and servicing of the two loans. Claims based on the conduct of the defendants with respect to the two loans were barred by the bankruptcy order. The doctrine of res judicata precludes us from relitigating these issues under a newly named theory of recovery. Nevada v. United States, 463 U.S. at 129-30 (1983). Bronson's claims under this cause of action are essentially breach of contract claims where the breach occurred before the sale

of CFC's assets.  See McClain v. Apodaca, 793 F.2d 1031,
1034 (9th Cir. 1986) (holding plaintiff's action for breach
of contract was barred under doctrine of res judicata
because breach arose prior to filing of original action for
breach of contract). The claim preclusion applies to all of
the moving defendants as they were in privity with the
prevailing party in the bankruptcy proceedings. The fourth
cause of action is dismissed for all of the moving
defendants.

**b.    Motion to Dismiss Tenth Cause of Action**

In her tenth cause of action, Plaintiff alleges
unlawful foreclosure against the defendants.  After failing
to make payments on the 1999 loan from 12/1/2003 through
the beginning of 2007, defendants notified her of
defaulting on the loan and their election to sell
Plaintiff's property.  Plaintiff's claim is based on
defendants' alleged failure to respond after she requested
further explanations regarding her account history and
current indebtedness. TAC 26.  However, the defendants
argue that Plaintiff has submitted an exhibit that
contradicts facts laid out in her tenth cause of action.
They argue that her exhibit proves that the defendants
provided her with an account summary, as she requested,
while her tenth cause of action is based on the lack of

providing such documents.  TAC Exhibit 3.  When an exhibit contradicts facts alleged in the complaint, the facts in the exhibit take precedence.  See Holland v. Morse Diesel Internat., 86 Cal.App.4th 1443, 1447 (2001); see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1989).  In fact, in her opposition brief, Plaintiff admits that Defendants replied to her request, directly contradicting her statement in the Complaint that "Green Tree Servicing has not responded to that qualified written request."  Accordingly, this Court rules that the defendants' motion to dismiss the tenth cause of action is granted.

### c.    Motion to dismiss Eleventh Cause of Action

In her eleventh cause of action, Bronson argues that the 1999 loan was against article XV section 1 of the California Constitution prohibiting usury. Defendants claim they are exempt entities because they are licensed by the Department of Corporations under the California Residential Mortgage Lending Act and Finance Lenders Act. The parties are in dispute as to whether the contracting defendants were actually licensed at the time the 1999 loan was

executed.[3] Despite this disagreement, this Court rules that the motion to dismiss the eleventh cause of action should be granted for all of the moving defendants based on the res judicata effect of the bankruptcy court order.

The facts in support of this usury claim are, by nature, related to the circumstances surrounding the execution of the loan contracts. Bronson's claims alleging unlawful, exorbitant interest rates not agreed upon are based on events that occurred before the filing of her SAC in 2004. This cause of action should have been pleaded during the bankruptcy proceedings. The motion to dismiss the eleventh cause of action is granted for all moving defendants.

### d. Motion to dismiss Twelfth Cause of Action

In her twelfth cause of action, Plaintiff claims that defendants breached their duty of good faith and fair dealing as parties to the 1994 and 1999 loan agreement. Specifically, Bronson alleges that defendants are guilty of "(a) refusing to timely credit Plaintiff and others, so as to create late fees and a deficiency and after creating a large deficiency, moving to foreclose on Plaintiff and others, and (b) assessing unauthorized charges; (c)

_____

[3] For the purposes of this Motion, the Court grants both parties' requests for judicial notice (Docket at 108, 119).

illegally accelerating notes; and (d) pursuing foreclosure in lieu of other legal remedies."

Even a brief look at the SAC reveals that many of the facts Bronson presents in support of her twelfth cause of action were already used to support different theories of recovery in the SAC. Bronson cannot successfully reassert claims against the defendant when they are based on the same transactional nucleus of operative facts, disguised under a different name. Nevada v. United States, 463 U.S. at 129-30. Bronson herself concedes that the duties of good faith and fair dealing are "implied in every contract that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of their contract." TAC 28:21-25. Bronson's asserts breach of contract claims where the breach occurred before the filing of her SAC. Therefore, her claim is barred by claim preclusion. See McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986) (holding plaintiff's action for breach of contract was barred under doctrine of res judicata because breach arose prior to filing of original action for breach of contract). Defendants' motion to dismiss the twelfth cause of action is granted in favor of all of the moving defendants.

//

**e.    Motion to dismiss Thirteenth Cause of Action**

In her thirteenth cause of action, Plaintiff alleges that Green Tree Servicing, Specialized, Inc., and their assignees breached their fiduciary duties as trustees. This Court grants the motion to dismiss the thirteenth cause of action with respect to Specialized, Inc. since they have been dismissed, with prejudice, from this case.

As for the other defendants, the complaint is not sufficiently pled to entitle Plaintiff to relief.  Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim entitling the plaintiff to some relief. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Despite the liberal pleading standard, the complaint here fails to allege any facts or allegations against the remaining defendants aside from simply naming a potential theory of recovery.

However, even if this cause of action were sufficiently pled, the claim would be denied based on the res judicata effect of the bankruptcy court order. Bronson's claims concern the allegedly unlawful servicing of the loans, which as noted throughout this order, is not

a viable source of relief for the plaintiff. The motion to dismiss the thirteenth cause of action is granted.

### f.      Motion to dismiss Fourteenth Cause of Action

In her fourteenth cause of action, Plaintiff alleges that the defendants unlawfully collected and applied payments to her loans thereby committing the tort of conversion. She offers as an example of the misconduct, two payments in 2001 that were never applied to her account. The motion to dismiss this cause of action is granted based on the res judicata effect of the bankruptcy court order.

Bronson alleges unlawful conduct that occurred prior to the CFC asset purchase in 2003. The relevant activity in support of this cause of action is within the same transactional nucleus of operative facts as the previously adjudicated matter. She is barred from raising the same complaint under a different theory of recovery. See Nevada v. United States, 463 U.S. at 129-30. Defendants' motion to dismiss this cause of action is granted.

### g.      Motion to dismiss Fifteenth Cause of Action

In her fifteenth cause of action, Bronson alleges a general breach of contract claim by the defendants. (TAC 31:1-2). All of the allegations arise out of conduct that occurred before both the bankruptcy court's ruling and this Court's partial summary judgment in favor of the

defendants.  There is an identity between this claim and those litigated in SAC which was adjudicated based on merit. Moreover, as stated several times in this opinion, all breaches of contract claims that could have been asserted before the bankruptcy court order are barred forever.  See McClain v. Apodaca, 793 F.2d at 1034. Therefore, defendants' motion to dismiss the fifteenth cause of action is also granted.

III.

For the foregoing reasons, the Court:

> (1) GRANTS the motion to set aside the entry of default against Green Tree Servicing;

> (2) GRANTS the motion to dismiss as to all causes of action, against all defendants with prejudice;

IT IS SO ORDERED.

Dated:  March 3, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE