1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MARTHA BRONSON,                    No. 2:03-cv-01611 JAM EFB
12          Plaintiff,            (1) ORDER DENYING PLAINTIFF'S
                                  MOTION TO SET ASIDE MARCH 3,
13                                 2009 ORDER DISMISSING THIRD
        v.                        AMENDED COMPLAINT; AND (2)ORDER
14                                DENYING PLAINTIFF'S MOTION FOR
                                  LEAVE TO FILE FOURTH AMENDED
15   GREEN TREE FINANCIAL SERVICING        COMPLAINT
     CORP., nka CONSECO FINANCIAL
16   SERVICING CORP., GREEN TREE
     INVESTMENT HOLDINGS, LLC, CFN
17   INVESTMENT HOLDINGS, LLC, GREEN
     TREE SERVICING LLC, US BANK
18   TRUST NATIONAL ASSOCIATION, US
     BANK TRUST NATIONAL ASSOCIATION,
19   GREEN TREE HE/HI BORROWERS, LLC,
     et al.,
20
21          Defendants.
22
     _____/
23
24
25       The instant matter comes before the Court on Plaintiff
26   Martha Bronson's ("Plaintiff's") Motion to Set Aside the Court's
27   March 3, 2009 Order Dismissing Plaintiff's Third Amended
28   Complaint pursuant to Federal Rule of Civil Procedure 60 and

                                  1

Plaintiff's Motion for Leave to File a Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).  Defendants Green Tree Financial Servicing Corp., NKA Conseco Financial Servicing Corp., CFN Investment Holdings, LLC, Green Tree Servicing, LLC, US Bank Trust National Association, US Bank National Association, Green Tree HE/HI Borrowers, LLC, Venae Valdez, and Randy Lake ("Defendants") did not respond to Plaintiff's Motions nor is it clear to the Court that these Defendants were served with these motions.  For the reasons set forth below[1], Plaintiff's Motion to Set Aside the March 3, 2009 Order and Motion for Leave to File a Fourth Amended Complaint are DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background underlying this case is more fully outlined in the Court's previous March 3, 2009 Order Setting Aside Default and Dismissing Claims ("2009 Order").  The 2009 Order dismissed Plaintiff's Third Amended Complaint ("TAC") in its entirety against all Defendants with prejudice.  (Docket ("Doc.") # 131.)  On February 22, 2010, Plaintiff filed the instant Motion to Set Aside the 2009 Order and Motion for Leave to Amend.  (Doc. # 140.)

---

[1]    Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

## II. OPINION

A.   <u>Motion to Set Aside Order</u>

1.   Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure permits relief "from a final judgment, order, or proceeding." Fed R. Civ. P. 60(b). A party may be relieved from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time --- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. .

3

."  Fed. R. Civ. P. 60(c).  "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."  Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).

In the instant case, the Court entered the final judgment on March 3, 2009.  Plaintiff filed the present Motion to Set Aside ("the Motion") on February 22, 2010.  Plaintiff fails to identify any reason for filing the Motion more than eleven months after this Court issued the 2009 Order.  As such, the Court finds that Plaintiff's Motion is untimely.  Nevertheless, the Court will address the merits of the Motion.

2.   Analysis

The Court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Plaintiff argues that the 2009 Order should be set aside pursuant to Rule 60(b)(1) for "surprise" from being deprived of "the constitutional right to be heard" on numerous issues.  (Motion 3:12-4:4.)  Specifically, Plaintiff claims that the 2009 Order should be set aside for "surprise and resulting depravation of plaintiff's constitutional right to be heard regarding this court's sua sponte dismissal of VENAE VALDEZ and RANDY LAKE who were nonmoving party defendants, but

4

who this court nonetheless dismissed in contravention to Judge

Levi's prior order denying dismissal of them." (Motion 4:1-4.)

Plaintiff erroneously contends that the 2009 Order

contravenes Judge Levi's prior order denying dismissal of

Defendants Randy Lake ("Lake") and Venae Valdez ("Valdez").

Lake and Valdez moved to dismiss Plaintiff's Complaint for lack

of personal jurisdiction on August 14, 2003. (Doc. # 7.) Judge

Levi denied Lake and Valdez's motion finding that jurisdiction

over Defendants was reasonable. (Doc. # 26.) Here, the Court

properly dismissed Lake and Valdez in the 2009 Order on the

basis of res judicata.

Lake and Valdez were employees of Defendant Green Tree

Servicing ("GTS"), who allegedly harassed Plaintiff while

collecting a debt on behalf of GTS. (TAC ¶ 18.) GTS moved for

partial summary judgment on all claims in the SAC. (Doc. # 52.)

The Court granted GTS's motion for partial summary judgment,

ruling that all causes of action were barred against GTS. (Doc.

# 66.) In the TAC, Plaintiff reasserted the same causes of

action from the SAC plus several new causes of action against

Lake, Valdez, GTS, and others. (Doc. # 88.) The 2009 Order

dismissed all causes of action against each and every Defendant.

(Doc. # 131.) Although not mentioned as "moving Defendants,"

Lake and Valdez were properly dismissed by the Court. Res

judicata prohibits future lawsuits when there is "(1) an

5

identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." F.T.C. v. Garvey, 383 F.3d 891, 897 (9th Cir. 2004) (quoting Providence Health Plan v. McDowell, 361 F.3d 1243, 1249 (9th Cir. 2004)).  The 2009 Order dismissed claims against Lake and Valdez because there was an identity of claims, a final judgment on the merits, and privity between parties.  (2009 Order 10:1-18:2.)

Here, Plaintiff brought claims against Lake and Valdez in their official capacity as employees of GTS.  Accordingly, Lake and Valdez meet the privity requirement for purposes of res judiciata.  See Thurman v. General Mills Operations Inc., 210 Fed. Appx. 614, 615 (9th Cir. 2006) ("As an employee of General Mills, [defendant] meets the privity requirements for purposes of res judicata."); Spector v. El Ranco, Inc., 263 F.2d 143, 145 (9th Cir. 1959) ("Where . . . the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either . . . rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other.").  Accordingly, the Court DENIES Plaintiff's motion to set aside the 2009 Order pursuant to Rule 60(b)(1).

Plaintiff also moves to set aside the 2009 Order because the bankruptcy court decision, upon which the Court partially based its 2009 Order, has allegedly been appealed and no longer

serves as a legitimate basis for res judicata.  (Motion 2:1-2.)

The Court may set aside an order if "the judgment . . . is based

on an earlier judgment that has been reversed or vacated."  Fed.

R. Civ. P. 60(b)(5).  "Rule 60(b)(5) may not be used to

challenge the legal conclusions on which a prior . . . order

rests, but the Rule provides a means by which a party can ask a

court to modify or vacate a judgment or order if 'a significant

change in either the factual conditions or in law' renders

continued enforcement 'detrimental to the public interest.'"

Horne v. Flores, 129 S. Ct. 2579, 2593 (2009) (quoting Rufo v.

Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992)).

Here, Plaintiff fails to substantiate this allegation with

any showing that the bankruptcy court has, in fact, changed its

decision regarding res judicata.  Moreover, Plaintiff has not

made any significant showing that the law or factual conditions

on which the Court based its decision on March 3, 2009 have

changed.  Additionally, even if the bankruptcy decision were on

appeal, it would still be a final judgment for purposes of res

judicata.  Thurman, 210 Fed. Appx. at 615 ("[T]he district court

entered a final judgment on the merits on August 3, 2004.

Although Thurman's appeal of that judgment is pending, it is a

final judgment for purposes of res judicata."); Eichman v.

Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985) ("The federal

rule on the preclusive effect of a judgment from which an appeal

has been taken is that the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata."). Accordingly, the Court DENIES Plaintiff's Motion to Set Aside the 2009 Order pursuant to Rule 60(b)(5).

Plaintiff also moves the Court to correct alleged clerical mistakes in the 2009 Order. "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n]...order." Fed. R. Civ. P. 60(a). "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record." Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987). "Rule 60(a) is limited, however, to correcting errors arising from omission and may not be used to correct more substantial errors." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citations omitted). "[A] substantive error, which cannot be corrected by Rule 60(a), is one in which the court does not merely correct the record to indicate its original intent, but has a substantive change of mind." Barber for Crytzer v. Cincinnati Bengals, Inc., No. 95-35411, 1996 WL 473731, at *1 (9th Cir. Aug. 20, 1996) (citations omitted).

Plaintiff's Motion seeks to make corrections unavailable under Rule 60(a). Plaintiff moves the Court not to correct clerical errors, but rather, to make substantive changes to the

8

2009 Order.  Plaintiff seeks to correct the Court's finding that
all remaining Defendants in 2009 were in privity with the
Defendants that were dismissed in the 2005 Order.  (Motion 2:15-
18.)  Plaintiff also requests that the Court correct its finding
that claim preclusion applies to the Defendants in the 2009
Order.  (Id. 2:27-28.)  Further, Plaintiff claims that the Court
made an inadvertent mistake of fact in the 2009 Order when it
claimed that the 2005 Order dismissed Defendant Green Tree
Financial.  Plaintiff is mistaken.  The 2009 Order correctly
states that "Green Tree Investment Holdings and Green Tree
Servicing, moved for partial summary judgment on all claims
against them."  (2009 Order 5:8-10).  Accordingly, the Court
DENIES Plaintiff's motion to correct errors and mistakes
pursuant to Rule 60(a).

Lastly, Plaintiff argues that the 2009 Order should be set
aside pursuant to Rule 60(b)(6).  The Court may set aside an
order for "any other reason that justifies relief."  Fed. R.
Civ. P. 60(b)(6).  "Relief under Rule 60(b)(6) will not be
granted unless the moving party is able to show both injury and
circumstances beyond its control prevented timely action to
protect its interests."  Gardner v. Martino, 563 F.3d 981, 991
(9th Cir. 2009).  "The Supreme Court has construed Fed. R. Civ.
P. 60(b)(6) as providing relief to parties who were confronted
with extraordinary circumstances that excused their failure to

9

follow ordinary paths of appeal." <u>In re Pacific Far East Lines,</u>
<u>Inc.</u>, 889 F.2d 242, 250 (9th Cir. 1989) (internal citations
omitted).  Here, Plaintiff shows no extraordinary circumstances
explaining why the Court should set aside the 2009 Order and
excuse her from following the ordinary paths of appeal.
Plaintiff presents no new facts or law that would provide the
Court with a basis to set aside the 2009 Order.  Moreover,
Plaintiff alleges that her "basis of this motion is more fully
explained in the memorandum of points and authorities in support
of this Motion." (Motion 4:27-28.)  However, Plaintiff failed
to provide the Court with the alleged memorandum.  As such,
Plaintiff's Motion goes largely unsupported.  Accordingly, the
Court DENIES Plaintiff's motion to set aside the 2009 Order.

B. Motion for Leave to Amend

In addition to Plaintiff's motion to set aside the 2009
Order, Plaintiff moves the Court to grant her leave to file a
fourth amended complaint pursuant to Federal Rule of Civ.
Procedure 15(a). Rule 15(a) applies to amendments to pleadings
before trial.  Here, the Court granted Defendants' motion to
dismiss all causes of action with prejudice (Doc. # 131) and
entered a final judgment on March 3, 2009 (Doc. # 132).

Accordingly, the case is closed and the Court hereby DENIES Plaintiff's motion for leave to amend her complaint for a fourth time.


                          III. ORDER

     For the foregoing reasons, the Court:

          (1) DENIES Plaintiff's Motion to Set Aside the Order

          dismissing Plaintiff's Third Amended Complaint; and

          (2) DENIES Plaintiff's Motion for Leave to File a

          Fourth Amended Complaint;

     IT IS SO ORDERED.

Dated: August 5, 2010                 _____
                                      JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE